UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**SURETY CORPORATION OF AMERICA**                                **CIVIL ACTION**

**VERSUS**                                                        **NO. 14-2041**

**LEON A. CANNIZZARO, JR., ET AL.**                              **SECTION "B"(5)**

ORDER AND REASONS

I.  NATURE OF MOTION AND RELIEF SOUGHT

Before the Court is Defendants' "Motion to Dismiss Pursuant to F.R.C.P 12 or Alternatively to [A]bstain" (Rec. Doc. 8), which seeks dismissal of Plaintiff's claims on the basis of a variety of jurisdictional and other defenses. Plaintiff opposes the motion (Rec. Doc. 15), and Defendants have filed a reply (Rec. Doc. 18). Following the initial round of briefing, the Court ordered additional briefing on issues of pleading standards for *Monell* municipal liability claims, absolute immunity doctrine, and procedural propriety of qualified immunity allegations. (Rec. Doc. 19). The parties submitted supplemental briefing in compliance with that order. (Rec. Docs. 20, 23). For the reasons that follow, **IT IS ORDERED THAT** Defendants' Motion (Rec. Doc. 8) is **GRANTED**, and Plaintiff's claims are **dismissed with prejudice**.

II. FACTS AND PROCEDURAL HISTORY

1

The substance of this action finds itself before the Court for the second time. Plaintiff, Surety Corporation of America ("SCA"), is a Florida corporation that serves as the contractual indemnitor of American Bankers Insurance Company ("ABIC"), an entity that issues bail bonds in various jurisdictions, including Orleans Parish. (Rec. Doc. 1). Made Defendants herein are Orleans Parish District Attorney, Leon Cannizzaro, First Assistant District Attorney, Graymond Martin, and Assistant District Attorney, Michael Redmann, all in their official and individual capacities. (Rec. Doc. 1). Plaintiff alleges Defendants improperly sought to execute on null or forged bail bonds, which resulted in judgments of bond forfeiture, for which SCA, as indemnitor of ABIC, ultimately suffered the consequences of the garnishment of ABIC's accounts. (Rec. Doc. 1).

Plaintiff initially filed suit in this Court on September 16, 2010. *See Surety Corporation of America v. Leon A. Cannizzaro, Jr.*, 2011 WL 1870096, No. 10-3151 (E.D. La. Sep. 16, 2010). In the 2010 lawsuit, Plaintiff identified 54 bond forfeiture judgments, totaling in excess of $300,000, exclusive of interests and costs, which it alleged to be nullities and/or otherwise clearly defective and obtained in violation of law, and which had been collected by Defendants through garnishment of ABIC's accounts. (Rec. Doc. 1 at 6). Invoking both the Court's diversity and federal question subject matter

jurisdiction in that suit, Plaintiff sought: declaration that each of the underlying judgments was void and unenforceable under Louisiana law; prospective injunctive relief preventing further attempts to collect on the judgments; declarations that the garnishments violated Plaintiff's due process rights under the federal and Louisiana constitutions; and an award of return of the funds, together with compensatory damages, punitive damages, attorney fees, and legal interest on all sums due. (Rec. Doc. 1 at 6-7).

Following a motion to dismiss or abstain by Defendants in the 2010 lawsuit, the Court dismissed Plaintiff's claims on *Younger* abstention grounds. *Younger v. Harris*, 401 U.S. 37, 91 S. Ct. 746, 27 L.Ed.2d 669 (1970). In dismissing the 2010 lawsuit, the Court held:

> In the case at bar, SCA seeks a declaration that the underlying state bond forfeiture judgments are nullities and challenges the enforcement of these judgments as well as the constitutionality of Louisiana's bond forfeiture scheme. As set forth above, Louisiana not only has an important interest in the enforcement of its orders and judgments, but also in the administration of its system regarding bond forfeiture. *See also International Fidelity Ins. Co. v. City of New York*, 263 F.Supp.2d 619, 633 (E.D.N.Y. 2003)(stating that a challenge to the constitutionality of New York's bond forfeiture scheme appears to implicate an important state interest). Moreover, as actions for nullity of a portion of these judgments and for injunctive relief against enforcement of

3

> some of these judgments are currently pending in Louisiana state court, not only should Louisiana have the opportunity to interpret its own regulations and review its own judgments, but SCA also has an avenue open and an adequate opportunity for review of its constitutional claims in the state proceedings. Accordingly, we conclude that the principles of *Younger* similarly warrant abstention in this case, and Defendants' motions . . . are hereby **GRANTED.**

*Surety Corp. of America v. Cannizzaro*, 2011 WL 1870096, No. 10-3151 (E.D. La. May 13, 2011)(Rec. Doc. 22 at 10-11).

Following this Court's dismissal, Plaintiff returned to the Louisiana state courts for redress. While the pleadings in the instant matter make it difficult to ascertain the precise posture of the state court matters, it appears that at one point in time, actions to annul various of the challenged forfeiture judgments were pending simultaneously in divisions of the Orleans Parish Criminal and Civil District Courts. (See Rec. Doc. 1 at 8). On July 2, 2012, the Civil District Court action was dismissed for lack of subject matter jurisdiction. *Id*. That ruling was affirmed on appeal to the Louisiana Fourth Circuit Court of Appeal, and the Supreme Court of Louisiana denied writs. (Rec. Doc. 1 at 8). On July 19, 2012, one of the nullity actions pending in Criminal District Court was dismissed *sua sponte*, also on the basis of a lack of subject matter jurisdiction. (Rec. Doc. 1 at 8). There is no indication that any appeal was taken from that ruling.

4

Relying on the foregoing refusals by state courts to hear Plaintiff's claims, it has returned to this Court arguing that it has been relegated to some Kafakaesque dimension wherein no court entertains subject matter jurisdiction over nullity actions in Orleans Parish, and that it has been entirely deprived of a forum for its claims. Plaintiff makes this claim in spite of the fact that the record indicates it never took the opportunity to advance its constitutional claims before the state courts and further that it failed to appeal the adverse Criminal District Court ruling. This latter failure is perplexing for many reasons, not least of which is the direct guidance of the Louisiana Fourth Circuit Court of Appeal, in the context of the appeal of the Civil District Court judgment, that: "[Plaintiff's] remedy was to seek relief . . . in Criminal District Court, and **in the instance of an adverse judgment, to apply for relief with this court**." *State ex rel. Cannizzaro v. Am. Bankers Ins. Co.*, 12-1455, pp. 11-12 (La. App. 4 Cir. 7/10/13); 120 So. 3d 853, 861 (emphasis added). In any event, Plaintiff has returned to federal court, arguing that the state court rulings indicate that it did not have an adequate opportunity to raise its constitutional claims and further that this Court should entertain jurisdiction over the underlying nullity actions. As best the Court is able to ascertain, Plaintiff seeks the following relief: (1) declarations that the

challenged judgments of forfeiture are void under state law, (2) declarations that certain articles of the Louisiana Code of Criminal Procedure are unconstitutional, (3) declarations that the state courts' refusals to exercise subject matter jurisdiction over Plaintiff's claims amounted to due process violations, (4) determination that actions taken by the named Defendants in their individual capacities in executing the forfeiture judgments violated Plaintiff's procedural due process rights, and (5) determination the Defendants' actions in their official capacities also amounted to due process violations.

### III. CONTENTIONS OF MOVANTS

Defendants move for dismissal of Plaintiff's claims on eight grounds:

(1) That the Court lacks subject matter jurisdiction over Plaintiff's claims because they require the Court to engage in substantive review of final state court judgments, as prohibited under the *Rooker-Feldman* doctrine;

(2) That, if the Court has subject matter jurisdiction, it should abstain for the same reasons as in the 2010 lawsuit under the principles of *Younger*;

(3) That Plaintiff's claims are barred under applicable state prescription, abandonment, estoppel, and peremption grounds;

(4) That the rights SCA seeks to vindicate here belong properly to ABIC and are not assignable (*i.e.*, that SCA lacks standing);

(5) That Defendants are entitled to absolute prosecutorial immunity for actions taken in their individual capacities;

(6) That Defendants are entitled to qualified immunity for actions taken in their individual capacities;

(7) That the constitutionality of La Code Crim. Proc. arts. 334, 349.5 is not properly in issue; and,

(8) That Plaintiff has failed to join parties deemed necessary under Fed. R. Civ. P. 19, such that the Court may not properly accord the requested relief.

## IV. CONTENTIONS OF OPPONENTS

Plaintiff responds to each of the above claims as follows:

(1) Because no state court reached the merits of its nullity actions, its claims before this Court do not require *de facto* appellate review of state court judgments, such that they may be adjudicated by this Court despite *Rooker-Feldman*;

(2) *Younger* abstention is not warranted in this case where there is no longer a pending parallel state proceeding;

(3) Applicable prescriptive and other delays cannot begin to run until there has been a substantive ruling that the challenged underlying judgments are void, and, in any event, equitable tolling ought to apply for the period during which Plaintiff unsuccessfully attempted to litigate its claims in state court;

(4) SCA has standing to bring its claims both because they were assignable and, in fact, assigned by ABIC, and because the standing elements of injury, causation, and redressability are satisfied due to SCA's status as contractual indemnitor of ABIC (regardless of the effect of any assignment agreement);

(5) Defendants were acting in administrative, rather than advocative, capacities in obtaining and executing the bond forfeiture judgments, such that they are not cloaked with absolute prosecutorial immunity for their actions;

(6) Defendants knowingly enforced void forfeiture judgments, in violation of Plaintiff's due process rights, such that they are not entitled to qualified immunity;

(7) SCA had no adequate opportunity to raise its constitutional challenges in state court as a result of the adverse rulings on subject matter jurisdiction;

(8) Because the Louisiana statutes relating to bond forfeiture provide that the funds recovered ultimately redound to the District Attorney's office, the State need not be named as a party, and further because SCA received assignment of ABIC's rights, there is no need for ABIC to be joined as a party.[1]

**V. DISCUSSION**

Because the Court decides this motion on grounds of abstention, discussion will be limited to that issue, rather than addressing each of the grounds enumerated in the parties' sprawling pleadings.

### A. *Younger* Abstention

As noted above, this Court previously abstained from deciding Plaintiff's various state and federal claims under the *Younger* doctrine in the 2010 lawsuit.[2] *Younger* abstention is warranted when: (1) the dispute involves an "ongoing state judicial proceeding," (2) an important state interest in the subject matter of the proceeding is implicated, and (3) the

---

[1] Plaintiffs alternatively contend that if any absent party is deemed necessary, they should be permitted leave to amend their complaint so as to properly name any such defendants.

[2] Plaintiff initially appealed that dismissal to the United States Court of Appeals for the Fifth Circuit, but that appeal was dismissed on Plaintiff's own motion. *Surety Corp. of America v. Cannizzaro*, No. 11-30533 (5th Cir. May 2, 2012).

state proceedings afford an adequate opportunity to raise constitutional challenges. *Texas Ass'n of Business v. Earle*, 388 F.3d 515, 519 (5th Cir. 2004)(citing *Wightman v. Tex. Supreme Ct.*, 84 F.3d 188, 189 (5th Cir. 1996)). For reasons stated in this Court's opinion in the 2010 lawsuit, it is apparent that Plaintiff's claims implicate important interests of the State of Louisiana in the finality of the judgments of its courts and interpretation of the procedures and policies undergirding its post-judgment enforcement scheme. There has also been no suggestion that Louisiana state courts do not have jurisdiction to consider the constitutional questions raised by Plaintiff here. *See, e.g., Moore v. Sims*, 442 U.S. 415, 430-31, 99 S.Ct. 2371, 60 L.Ed. 2d 994 (1979)(state proceedings presumed to afford adequate opportunity to raise constitutional claims, absent specific showing of procedural barrier erected by state law.)[3]

As noted above, Plaintiff disputes the propriety of abstention under *Younger*, alleging both that it has not been afforded an adequate opportunity to raise its constitutional claims in the state proceedings and further that no parallel

---

[3] It should be noted that the state courts' denial of subject matter jurisdiction does not amount to the type of barrier preventing review of the constitutional claims contemplated by *Moore*, *supra*. This is because Plaintiff failed to present its constitutional claims in the state proceedings and, had it presented such claims, would have been required to exhaust its state appeals on those issues before seeking federal redress.

state proceedings are currently pending. Nevertheless, the pleadings in the instant matter reveal that Plaintiff failed to amend its complaint in the state proceedings to assert the constitutional challenges this Court directed it to pursue in state court. This is insufficient to short-circuit the application of *Younger*. *See DeSpain v. Johnson*, 731 F.2d 1171, 1180 (5th Cir. 1984)("All that is required 'in order for *Younger* and *Huffman* to apply . . . [is] an opportunity to fairly pursue [the] constitutional claims in the ongoing state proceeding . . ., [the] failure to avail [oneself] of such opportunity does not mean that the state proceedings [are] inadequate.'"(alterations in original)). Thus, it is clear that the latter two elements of *Younger* are satisfied.[4] The only question remaining therefore is whether, as Plaintiff argues, there is a lack of "ongoing state proceedings" for purposes of the first *Younger* element.

As noted above, Plaintiff committed the apparent procedural blunder of failing to appeal the Orleans Parish Criminal District Court judgment dismissing its claims for lack of subject matter jurisdiction, as previously instructed by the state appellate court. It further, erroneously, attempts to color such judgment as binding on other courts in Louisiana in arguing that the rulings of both Civil and Criminal District

---

[4] These are: (1) the implication of important state interests and (2) an adequate opportunity to raise the federal constitutional challenges in state proceedings.

10

courts operate such that no Louisiana court has subject matter jurisdiction over nullity challenges to bond forfeiture judgments in Orleans Parish. Contrary to Plaintiff's arguments, the Supreme Court has held:

> [A] party may not procure federal intervention by terminating the state judicial process prematurely—foregoing the state appeal to attack the trial court's judgment in federal court. "[A] necessary concomitant of *Younger* is that a party [wishing to contest in federal court the judgment of a state judicial tribunal] must exhaust his state appellate remedies before seeking relief in the District Court." *Huffman v. Pursue, Ltd., supra*, 420 U.S., at 609, 95 S.Ct., at 1210.

*New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 368-69, 109 S.Ct. 2506, 2518-19, 105 L.Ed.2d 298 (1989). Plaintiff's dual failures to assert its constitutional claims in the state forum and to avail itself of the state appellate process will not suffice to warrant federal intervention here. Accordingly, the Court abstains from deciding Plaintiff's claims for the reasons asserted in the order dismissing the 2010 lawsuit.

    **B. *Pullman* Abstention**

To the extent Plaintiff challenges new bond forfeiture judgments, not part of the 2010 lawsuit, and now raises additional constitutional challenges arising out of the actions of the state courts, there are grounds to decline these claims

11

under the *Pullman* doctrine. *Railroad Comm'n of Texas v. Pullman Co.*, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941).[5] *Pullman* abstention is appropriate when: (1) a federal court is presented with an ambiguous or uncertain provision of state law, and (2) state court interpretation of the state law issue may avoid the federal constitutional question. *See, e.g., Nissan Motor Corp. in U.S.A. v. Harding*, 739 F.2d 1005, 1008 (5th Cir. 1984). To be sure, abstention is the exception, not the rule, and federal courts "should exercise their jurisdiction if the state law in question is clear." *Id.* The Court believes, however, that the conflicting jurisdictional rulings of the Louisiana courts plainly reveal that ambiguities exist in Louisiana's bond forfeiture scheme, which ambiguities ought properly to be resolved by the Louisiana courts. There is no question but that rulings on these issues could obviate the need to resolve the federal constitutional claims advanced by Plaintiff in the instant matter. Those claims allege both that Louisiana's bond

---

[5] Beyond the *Pullman* doctrine, the Court notes without deciding, that to the extent Plaintiff's challenges implicate the validity of underlying state court judgments (*i.e.,* the dismissals for lack of subject matter jurisdiction), there are jurisdictional concerns implicated by the *Rooker-Feldman* doctrine, as recently expounded by the Supreme Court in *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005). Additionally, issues exist as to whether a procedural bar exists under a mandatory/non-waiveable venue provision of Louisiana law related to nullity actions, to the extent such provision may be binding on a federal court sitting in diversity under the *Erie* doctrine and related authority. *See* La. Code Civ. Proc. arts. 44, 2006; 1 La. Civ. L. Treatise, Civil Procedure § 3:2 (2d ed.)("The action for nullity of judgment . . . must be brought in the trial court which rendered the judgment."). Because abstention is warranted for the grounds discussed above, however, the Court need not conclusively rule on these issues.

forfeiture statutes and the Louisiana courts' applications of those statutes have caused it constitutionally cognizable injuries.[6] Accordingly, abstention is further warranted under *Pullman.*

**V. CONCLUSION**

In light of the foregoing, Plaintiff's recourse is to assert its claims (all of them) in the courts of the State of Louisiana. It must exhaust its remedies there, after which point recourse may be had to a federal district court, if appropriate, or the United States Supreme Court, where the relief requested requires review of the merits of an underlying state judgment. The Court takes no position as to whether Plaintiff's prior procedural missteps have now permanently deprived it of the opportunity to bring certain of the claims advanced in the 2010 lawsuit, or whether it will be capable of pursuing new claims in the state courts. The appropriate action was explained by the Louisiana Fourth Circuit Court of Appeal, and Plaintiff should have heeded that court's admonition.

For the foregoing reasons, **IT IS ORDERED THAT** Defendants' Motion to Dismiss (Rec. Doc. 8) is **GRANTED**, and Plaintiff's

---

[6] It must further be noted that, to the extent Plaintiff raises as-applied challenges to the statutes, the Court believes these claims would be barred under the *Rooker-Feldman* doctrine. Plaintiff would have been required to take direct appeal (and exhaust state appellate remedies) from adverse rulings and then seek review from the United States Supreme Court in the event of further adverse rulings.

13

claims in the above-captioned matter are **DISMISSED WITH PREJUDICE.**

New Orleans, Louisiana, this 22nd day of May, 2015.

UNITED STATES DISTRICT JUDGE